IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Desa Ballard, as Successor Trustee of the Trust of Chris Combis, u/a/d 10-15-2013, | ) ) ) | C/A: 0:14-1839-JFA |
| Plaintiff, | ) | |
| v. | ) ) | |
| Diane Combis, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |
| Desa Ballard, as Successor Trustee of the Trust of Chris Combis, | ) ) ) | |
| Cross-claim Plaintiff, | ) | ORDER ON MOTION |
| v. | ) ) | TO REMAND |
| George Combis; and Diane Combis, as former Trustee of the Trust of Chris Combis, | ) ) ) | |
| Cross-claim Defendants. | ) | |
| _____ | ) ) | |
| In the Matter of the Estate of Chris Combis: | ) ) | |
| Desa Ballard, as Personal Representative of the Estate of Chris Combis, | ) ) ) | |
| Petitioner, | ) | |
| v. | ) ) | |
| George Combis; Chris A. Combis; Diane Combis; and Superior Tile, Marble, and Terrazzo Corporation, | ) ) ) ) ) | |
| Respondents. | ) | |
| _____ | ) | |

1

This action involves two cases that were filed in the state courts of South Carolina, consolidated there by a circuit judge, and then removed to this court by defendant Diane Combis, with the other defendants' consent. In the first case, Desa Ballard (as successor trustee of the Trust of Chris Combis) asserts claims against Ms. Combis. In the second action, Ms. Ballard (as personal representative of the Estate of Chris Combis), asserts claims against Ms. Combis, George Combis, and Chris A. Combis, as well as Superior Title, Marble, and Terrazzo Corporation.

The complaints in both cases allege causes of action for breach of fiduciary duty; however, neither includes an amount in the prayer for damages sufficient to establish the amount in controversy. At the state court hearing on the consolidation issue conducted on March 17, 2014, counsel for Ms. Combis asked the plaintiff if the damages sought against defendants exceeded $75,000. The plaintiff answered that the amount of damages was unliquidated and that she did not know the amount claimed at that time. The presiding judge thereupon gave the plaintiff 30 days to decide whether the amount of damages in the case were "in excess of $75,000." Hr'g Tr. 16–17, March 17, 2014, ECF No. 28-1.

On April 8, 2014, the plaintiff emailed and mailed a letter to Ms. Combis' counsel indicating that the amount in controversy was more than $75,000. Ms. Combis filed a notice of removal to this court less than 30 days later, on May 7, 2014.

Now before this court is the plaintiff's motion to remand, arguing that Ms. Combis did not remove the case to this court within 30 days of when she learned that the amount in

controversy exceeded $75,000.[1] ECF No. 19. Distilled to its essence, the plaintiff's position is that Ms. Combis knew, or should have known, from the very inception of this litigation that the amount in controversy was well in excess of $75,000. The plaintiff points to a myriad of estate documents and financial instruments, as well as related litigation filed by the defendants in North Carolina, as evidence of the fact that the amount in controversy was known to Ms. Combis, and the other defendants, much sooner than 30 days before the notice of removal was filed in this case.

The court is unpersuaded by these arguments. As indicated at the outset of this order, when queried by the state circuit judge, the plaintiff herself was uncertain as to the amount in controversy. Obviously, the state judge was not certain of the amount either. Accordingly, the state circuit judge directed the plaintiff to commit on the record the amount sought in the litigation. Within the time prescribed by the state judge, the plaintiff acknowledged that the amount in controversy was well beyond the jurisdictional threshold for diversity jurisdiction.

If it was not clear to the plaintiff, when queried, the exact amount in controversy, it cannot be said that it was patently obvious to Ms. Combis, and the other defendants, when this action was initiated.

For all the foregoing reasons, the plaintiff's motion to remand is denied.

IT IS SO ORDERED.

July 3, 2014                                                    Joseph F. Anderson, Jr.

---

[1] It is undisputed that the plaintiff and the defendants are diverse, so as to support this prong of the diversity jurisdiction requirement.

Columbia, South Carolina                              United States District Judge

4