IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Desa Ballard, as successor trustee of the Trust of Chris Combis, u/a/d 10-15-2013,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Diane Combis,<br><br>　　　　　Defendant.<br><br>Desa Ballard, as personal representative of the Estate of Chris Combis,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>George Combis; Chris A. Combis; Diane Combis; and Superior Tile, Marble, and Terrazzo Corporation,<br><br>　　　　　Respondents. | C/A No. 0:14-cv-01839-JFA<br><br><br><br>**ORDER** |

　　　　This matter comes before the court on Plaintiff's motion to strike answers and for a determination that specific defendants are in default. Plaintiff filed this motion against Respondents Chris A. Combis and Superior Tile, Marble, and Terrazzo Corporation and Cross-Claim Defendants Diane Combis and George Combis (collectively "Defendants") asserting the answers of Defendants were untimely pursuant to Rule 81(c) of the Federal Rules of Civil Procedure.[1]  ECF No. 43.

---

[1] Although not specifically stated in Plaintiff's motion, the Court assumes Plaintiff seeks an entry of default pursuant to Rule 55 (a) and (b) of the Federal Rules of Civil Procedure and seeks to strike Defendants' Answers pursuant to Rule 12(f).

Defendants responded to Plaintiff's motion asserting they had already appeared and entered a defense in this case via their motions filed in state court prior to removal of this action, as well as their motions to remand filed after removal. Defendants further argued their answers were filed before Plaintiff moved for default, and Plaintiff has not demonstrated any prejudice resulting from the late-filed answers. As such, good cause exists to excuse any default. ECF No. 47.

After carefully considering the parties' briefs, the court finds that striking the Defendants' Answers and holding them in default is not proper. This ruling is in accordance with the long-standing view that the law disfavors default judgments. As the Fourth Circuit has stated, "[w]e have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Furthermore, motions to strike are infrequently granted, as they are viewed by the court as a drastic remedy. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). In light of the good cause demonstrated by Defendants and the absence of prejudice to the Plaintiff, the court denies Plaintiff's Motion to Strike Answers and to Determine Specific Defendants are in Default.

IT IS SO ORDERED.

September 8, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge