IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Desa Ballard, *as Successor Trustee of the Trust of Chris Combis, u/a/d 10-15-2013*,                                 Plaintiff,                                            v.                           Diane Combis                                   Defendant. | C/A No.  0:14-1839-MGL-PJG          **ORDER** |
| Desa Ballard, *as Successor Trustee of the Trust of Chris Combis*,                  Cross-claim/Third Party Plaintiff,                        v.    George Combis; Diane Combis, *as former Trustee of the Trust of Chris Combis*; Superior Tile, Marble, and Terrazzo Corporation; and Superior Stone of the Southeast, Inc.,                 Cross-claim/Third Party Defendants. | |
| In the Matter of the Estate of Chris Combis: Desa Ballard, *as Personal Representative of the Estate of Chris Combis*,                                Petitioner,                           v.    George Combis; Chris A. Combis; Diane Combis; Superior Tile, Marble, and Terrazzo Corporation; Superior Stone of the Southeast, Inc.,                              Respondents. | |

PJG

An order relieving counsel for Defendants George Combis, Diane Combis, Superior Tile, Marble, and Terrazzo Corporation, Superior Stone of the Southeast, Inc., and Chris A. Combis was issued on June 11, 2015. (ECF No. 116.) The order provides the defendants up to sixty (60) days to obtain new counsel.[1]  (Id.)

**TO THE *PRO SE* DEFENDANTS**:

As *pro se* parties in this case, the defendants' attention is directed to the following important notice and information:

You are ordered to always keep the Clerk of Court advised **in writing** (at 901 Richland Street, Columbia, South Carolina 29201) if your address changes for any reason, so as to assure that you receive orders or other matters that specify deadlines for you to meet.  If, as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, your case may be negatively impacted.  Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address.  Your failure to do so will not be excused by the court. Put this order with your own record of this case so that you will not overlook your duty.  If an attorney serves you by mail on behalf of a party, you also have a duty to notify that attorney if your address is to be changed for mail purposes.

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties.  Unless otherwise ordered, service of subsequently filed documents on a party represented by an attorney is made on the attorney.  Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing.  However, prior to a party's attorney making an appearance in this court, any documents filed subsequent to the initial pleading must be served on that party and a certificate of service must be filed stating who was served, what document was served, and how the document was served.

Any future filings in this case must be sent to the address listed above.  All documents requiring the defendants' signature shall be signed with their full legal name written in their own handwriting.  *Pro se* litigants shall not use the "s/typed name" format used in the Electronic Case Filing System.  In any future filings with this court, defendants must use letter-sized paper and may

---

[1] While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties.  "Courts [] have interpreted this section to preclude a corporation from appearing through a lay representative." *Eagle Associates v. Bank of Montreal*, 926 F.2d, 1305, 1308 (2d Cir. 1991) (collecting cases); *see also Ashbaugh v. Corp. of Bolivar*, 481 F. App'x 840 (2012).  Thus, the corporate defendants in this case are advised that they cannot proceed without counsel in this action.



<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

only write, or type text, on one side of a sheet of paper. The defendants must place the Civil Action Number (C/A No. 0:14-1839-MGL-PJG) on any document filed in this case.

**TO THE CLERK OF COURT**:

The Office of the Clerk of Court is directed to mail a copy of this order to: George Combis, Diane Combis, Superior Tile, Marble, and Terrazzo Corporation, Superior Stone of the Southeast, Inc., and Chris A. Combis.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 16, 2015
Columbia, South Carolina

*Defendants' attention is directed to the important notice on the following page.*

**IMPORTANT INFORMATION ....PLEASE READ CAREFULLY**

**WARNING TO PRO SE PARTY OR NONPARTY FILERS**

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(filings made under seal) and (e) (protective orders).