IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Desa Ballard, as Successor Trustee of the Trust of Chris Combis, u/a/d 10-15-2013, | C/A: 0:14-1839-JFA |
| Plaintiff, | |
| v. | |
| Diane Combis, | |
| Defendant. | ORDER REQUIRING ADDITIONAL EVIDENCE |
| Desa Ballard, as Successor Trustee of the Trust of Chris Combis, | |
| Cross-claim Plaintiff, | |
| v. | |
| George Combis; and Diane Combis, as former Trustee of the Trust of Chris Combis, | |
| Cross-claim Defendants. | |
| In the Matter of the Estate of Chris Combis: | |
| Desa Ballard, as Personal Representative of the Estate of Chris Combis, | |
| Petitioner, | |
| v. | |
| George Combis; Chris A. Combis; Diane Combis; and Superior Tile, Marble, and Terrazzo Corporation, | |
| Respondents. | |

1

Following a four-day bench in these consolidated actions, the court took the cases under advisement. In a brief conference conducted in chambers on the final day of trial, the court suggested, and the parties agreed, that it would be advantageous for the court to defer ruling on what the court has labeled the "Ballard Fee Issue" (i.e., the proper allocation of Desa Ballard's fees as Personal Representative and Successor Trustee) until after the resolution of any appeal from this court's decision on the other issues presented.

Upon due reflection, the court has now determined that its proposed course of action is inappropriate. This court has the obligation to resolve all disputes properly before it and does not have the authority to try cases in piecemeal fashion. For this reason, the court must decide the Ballard fee issue, and all other issues presented, in one final order, so that any appeals taken will present the entire case to the court of appeals for its review.

The court's ill-fated suggestion regarding the Ballard fee issue was prompted by what it perceived to be the lack of a full evidentiary record upon which to decide the issue. All that was put before the court was the sum total of Ballard's fees ($347,000) along with her assessment that George and Diane Combis should bear 95 percent of her fees.

The court has determined that additional evidence will be necessary for the court to parse out the Ballard fee among the litigants in this case. Accordingly, the court orders as follows:

(1) On or before August 17, 2016, Ms. Ballard shall itemize her time sheets and apply the time to her hourly rate so as to arrive at her fees involved in each of the discrete

issues presented in this case, including, but not limited to:

    (a)    The successful effort to require her predecessor as Personal Representative of the George Combis Estate to turn over the $3,100 in the Estate account at the time of her appointment.

    (b)    The successful effort to set aside the foreclosure sale of the house on Lochridge Drive;

    (c)    The unsuccessful effort to assert an estate ownership in Superior Tile;

    (d)    The successful effort to defend the North Carolina action filed by George and Diane Combis seeking to have her removed as trustee.

(2)    Ms. Ballard shall furnish these time sheets and computations to the other litigants by August 17, 2016.

(3)    The court will reconvene the evidentiary hearing at 10:00 a.m. on August 22, 2016 for the purpose of allowing cross examination of Ms. Ballard regarding the time sheets and calculations she has furnished.[1]

---

[1] This is the procedure required by the Fourth Circuit Court of Appeals. *See Butler v. Academy Ins.*, 914 F.2d (4th Cir. 1990).

The reconvened hearing shall be strictly limited to the matters outlined in this order. No additional evidence or argument or liability issues will be allowed.

    IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

August 2, 2016  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge