IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Desa Ballard, as Successor Trustee of the Trust of Chris Combis, u/a/d 10-15-2013,<br><br>  Plaintiff,<br><br>v.<br><br>Diane Combis,<br><br>  Defendant.<br>_____<br><br>Desa Ballard, as Successor Trustee of the Trust of Chris Combis,<br><br>  Cross-claim/Third Party Plaintiff,<br><br>v.<br><br>George Combis; Diane Combis, as former Trustee of the Trust of Chris Combis; Superior Tile, Marble, and Terrazzo Corporation; and Superior Stone of the Southeast, Inc.,<br><br>  Cross-claim/Third Party Defendants.<br>_____<br><br>In the Matter of the Estate of Chris Combis:<br><br>Desa Ballard, as Personal Representative of the Estate of Chris Combis,<br><br>  Petitioner,<br>v.<br><br>George Combis; Chris A. Combis; Diane Combis; Superior Tile, Marble, and Terrazzo Corporation; and Superior Stone of the Southeast, Inc.,<br><br>  Respondents.<br>_____ | C/A No. 0:14-1839-JFA<br><br><br><br>**ORDER** |

1

Linda Combis and Mary Combis,

    Plaintiffs,

v.

George Combis and Diane Combis (Individually and as former Trustee of the Revocable Trust Agreement for Chris Combis),

    Defendants.

## I.    INTRODUCTION

This matter is before the Court upon motions made by all parties. Plaintiff and Petitioner Desa Ballard ("Ballard") and Plaintiffs Linda Combis and Mary Combis, each made a "motion for reconsideration." ECF Nos. 214 and 216. As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the Court will treat these motions as a motion to alter or amend the judgment under Rule 59(e).

Defendants and Respondents George Combis, Diane Combis, Superior Tile, Marble, and Terrazzo Corporation ("Superior Tile"), and Superior Stone of the Southeast, Inc. ("Superior Stone") jointly made a motion to amend the judgment and, in the alternative, for a new trial pursuant to Rules 52(b) and 59(a).[1]

## II.    LEGAL STANDARD

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.); *see*

---

[1] The Court will continue to refer to each family member by his or her first name and Chris Combis as "Pop" as done in its previous order.

2

*Doe v. Spartanburg Cty. Sch. Dist. Three*, 314 F.R.D. 174, 176 (D.S.C. 2016) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

The Fourth Circuit has stated a Rule 59(e) motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) account for new evidence unavailable at trial; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Sloas v. CSX Transp. Inc.*, 616 F.3d 380, 385 n.2 (4th Cir. 2010) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)) (emphasis added). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are these motions opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Pac. Ins. Co.*, 148 F.3d at 403.

Similarly, "a Rule 52(b) motion is intended to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Carolina E. Chem. Co.*, 639 F. Supp. 1420, 1423 (D.S.C. 1986); *see G&P Trucking Co. v. Zurich Am. Ins. Co.*, No. 3:14-CV-501-MBS, 2015 WL 7783553, at *2 n. 3 (D.S.C. Dec. 3, 2015). A motion pursuant to Rule 52(b) may be made with a motion for a new trial under Rule 59(a). *Carolina E. Chem. Co.*, 639 F. Supp. at 1423. A motion for a new trial "should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." *United States v. Timms*, 537 F. App'x 265, 267 (4th Cir. 2013) (internal citations omitted).

### III.    DISCUSSION

Despite the various motions to reconsider, amend the judgment, or for a new trial, none of the parties presented new controlling law or new evidence nor pointed out a clear legal error or manifest injustice of this Court.

The motions made by Ballard, Linda, and Mary are basically an attempt to re-argue issues already fully briefed and decided by this Court or they are not supported by the record.[2] ECF Nos. 214, 216. First, the Court explicitly found punitive damages were not appropriate in this case. ECF No. 209. Second, the Court did not *sua sponte* grant a setoff to George because this relief was raised in his pleadings either directly or through his request of "such other and further relief as this Court may deem just and proper." ECF Nos. 44, 88, 89, 173. Third, other than a single calculation using compounded interest, no evidence was presented at trial to support compounded interest applied in this case. *See* Pl.'s Ex. 234. Lastly, based upon the evidence, the Court found both sisters lived at 9313 Horseshoe Circle in Fort Mill, South Carolina for a period of time, and, thus, Mary did benefit from George's payment toward the mortgage.[3] Therefore, their motions for reconsideration or to alter or amend the judgment are denied.

In addition, the motion made by George, Diane, Superior Tile, and Superior Stone did not present new evidence nor pointed out a clear legal error or manifest injustice of this Court.[4] In addition, a substantial reason to set aside the judgment was not provided. First, George is indebted because he was jointly responsible for the funds being removed from the Trust, and he benefitted when the funds were deposited into his joint account with Diane. Therefore, he is jointly and severally responsible to return the funds to the Trust. Second, whether the funds remaining in the Trust are sufficient to cover its expenses is uncertain, and, thus, it is not appropriate for George to deduct his one-third interest from the funds owed to the Trust prior to payment. Finally, with regard

---

[2] Linda and Mary moved to incorporate and adopt the positions outlined in Ballard's motion so they will be simultaneously addressed. ECF No. 216.

[3] The Court clarifies that the Chris Combis Revocable Trust (the "Trust") is the true beneficiary of the mortgage payments, but Mary and Linda were named as they were affected as innocent beneficiaries of the Trust.

[4] Contrary to Ballard's contention, this Court has jurisdiction to rule upon the motion made by George, Diane, and Superior Tile. *See* Fed. R. App. P. 4(a)(4); *see also* Fed. R. App. P. 12.1 advisory committee's note to 2009 adoption.

to the calculation of prejudgment interest, the breach of fiduciary duty claim is contract-based. *See Tyson v. North Carolina Nat. Bank*, 286 S.E.2d 561, 565 (N.C. 1982) ("[A]ny failure to perform in compliance with the duties as a fiduciary is tantamount to a breach of contract."); *see also Bruce v. N. Carolina Nat. Bank*, 303 S.E.2d 561, 563–64 (N.C. Ct. App. 1983). The Trust is an express trust and "[i]n such instances the breach of the trust is in effect and, usually, in fact a breach of contract, express or implied. Actions thereon are necessarily based on the contract and the breach thereof." *Teachey v. Gurley*, 199 S.E. 83, 87 (N.C. 1938). Therefore, prejudgment interest was properly calculated from the date of breach, not the claim's filing date. *See* N.C. Gen. Stat. § 24-5 (2003) (stating interest accrues from the date of breach for contract actions). Therefore, their motion to amend the judgment and, in the alternative, for a new trial is denied.

## IV.     CONCLUSION

For the above reasons, the motions to reconsider, alter or amend the judgment, or for a new trial are DENIED.

**IT IS SO ORDERED.**

*Joseph F. Anderson, Jr.*

November 29, 2016                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge